96126-7

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO. _____

BARBARA GONZALEZ,

   Plaintiff,

vs.

ROSS DRESS FOR LESS, INC.,
d/b/a ROSS STORES, INC.,

   Defendant.
_____/

**NOTICE OF REMOVAL BY DEFENDANT ROSS DRESS FOR LESS, INC.**

   COMES NOW Defendant, ROSS DRESS FOR LESS, INC. ("ROSS"), by and through the undersigned counsel, and hereby files its Notice of Removal to this Court of the above-styled action pursuant to 28 U.S.C. section 1441(b) and 1446(a), and 28 U.S.C. section 1332, and as support thereof, Ross avers as follows:

   1.   ROSS is the sole Defendant in a civil action brought against it in the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, styled *Barbara Gonzalez v. Ross Dress for Less, Inc., D/B/A Ross Stores, Inc,*, Case No. 2020-006729-CA-01. A true and correct copy of all process, and pleadings served upon ROSS is attached hereto as Composite Exhibit "A" in compliance with 28 U.S.C. section 1447 (b).

   2.   This action involves Plaintiff's alleged personal injuries sustained as a result of an alleged incident at ROSS's store located at 2525 Northeast 10th Court, Homestead, Florida 33033, on or about June 1, 2019 (hereinafter "subject incident"). (*See generally* Compl.). Plaintiff's Complaint was served on ROSS on April 28, 2020. (*See id.*)

CASE NO. 2020-006729-CA-01

3. ROSS's Notice of Removal has been timely filed within thirty (30) days after receipt by ROSS of the initial pleading setting forth the claims for relief upon which removal is based. *See* 28 U.S.C. § 1446(b). No further state court proceedings in this litigation have taken place as of the date of this Notice of Removal.

4. This is a civil action over which this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332. A defendant may remove a state court proceeding to federal court if: (1) the amount in controversy exceeds $75,000.00, exclusive of interests and costs, (2) the action is between citizens of different states, and (3) the defendant is not a citizen of Florida.

### *THE PARTIES ARE COMPLETELY DIVERSE*

5. Plaintiff resides in Miami-Dade County, Florida. (*See* Compl. ¶ 2). To be a "citizen" of a state within the meaning of the diversity provision, a natural person must be both a citizen of the United States and a domiciliary of a state. *Jones v. Law Firm of Hill & Ponton*, 141 F. Supp. 2d 1349, 1355 (M.D. Fla. 2001). In determining domicile, a court should consider both positive evidence and presumptions. *Id.* One such presumption is that the state in which a person resides at any given time is also that person's domicile. *Id.* Therefore, Plaintiff's citizenship in the State of Florida is assumed for diversity purposes. *See McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002) (explaining that "[c]itzenship is the equivalent to domicile for purposes of diversity jurisdiction.").

6. ROSS is a foreign corporation doing business in Florida and incorporated under the laws of the State of Virginia with its principal place of business in the State of California. Accordingly, pursuant to 28 U.S.C. section 1332(c)(1), Ross is, and was at the time of the commencement of this action, a citizen of the State of Virginia because it is a corporation

CASE NO. 2020-006729-CA-01

organized under the laws of the State of Virginia. In addition, Ross is also a citizen of the State of California because its principal place of business is located at 5130 Hacienda Drive, Dublin, CA 94568. As evidence to support ROSS's assertion that diversity of citizenship exists in this case, ROSS has included the Florida Department of State, Division of Corporations Detail for itself (attached hereto as Exhibit B).

## *THE AMOUNT-IN-CONTROVERSY REQUIREMENT IS SATISFIED*

7. The amount in controversy in this case exceeds $75,000.00. Although the Complaint merely sets forth the minimal jurisdictional allegations necessary to invoke the jurisdiction of the state trial court, the Plaintiff's pre-suit demand of $1,000,000.00, demonstrates that the amount in controversy well-exceeds the amount necessary to invoke the jurisdiction of this District Court.[1] (*See generally* Plaintiff's Demand Letter dated March 2, 2016 (attached hereto as Ex. C)).

8. Moreover, the Plaintiff's letter included a section containing a chart wherein Plaintiff asserts she has incurred approximately $312,762.84 in medical bills to treat the injuries she claims were caused by the subject incident (redacted for HIPAA compliance only). (*See id.*).

9. Based upon the representations made by Plaintiff concerning the total figures at issue, including the total medical expenses to date, the amount-in controversy requirement is

---

[1] A district court may consider a pre-suit demand letter in making its determination regarding satisfaction of the amount-in-controversy requirement. *See AAA Abachman Enters., Inc. v. Stanley Steemer Int'l, Inc.*, 268 F. App'x 864, 866 (11th Cir. 2008) (affirming district court's consideration of pre-suit demand letter on removal in concluding the amount-in-controversy requirement was satisfied); *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1213–14 (11th Cir. 2007) (district court may consider the notice of removal and accompanying documents when deciding upon a motion to remand); *Williams v. Best Buy Co.*, 269 F.3d 1316, 1320 (11th Cir. 2001) (district court may consider evidence outside of the removal petition if the facts existed at the time of the removal); *Katz v. J.C. Penney Corp.*, No. 09-cv-60067, 2009 WL 1532129, at *4 (S.D. Fla. June 1, 2009) ("Therefore, pre-suit settlement offers and demands may be considered in evaluating whether a case has been properly removed.").

CASE NO. 2020-006729-CA-01

clearly established. *Cf. Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1062 (11th Cir. 2010) ("[C]ourts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements."); *see also Molina v. Wal-Mart Stores Tx.*, 535 F. Supp. 2d 805, 806 (W.D. Tex. 2008) (holding customer's pre-suit demand letter alleging damages of $100,000, was sufficient to establish an amount in controversy exceeding $75,000).

10. Consequently, this Court has original jurisdiction over the aforementioned matter pursuant to 28 U.S.C. section 1332, as this action involves: (1) citizens of different states, and (2) an amount in controversy in excess of seventy-five thousand dollars ($75,000.00), exclusive of interest and costs.

### THE PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN COMPLETED BY ROSS

11. Pursuant to procedural requirements for removal set forth in 28 U.S.C. section 1446(d), ROSS will file a Notice of Filing Notice of Removal with the Clerk of Court for the Eleventh Judicial Circuit, in and for Miami-Dade County, Florida, and will provide written notice of this Notice of Removal to all parties via e-service. A copy of the Notice of Filing is attached hereto. (*See State Court Notice of Removal* (attached hereto as Exhibit D)).

12. As stated above, true and correct copies of all documents filed in the state action are attached hereto as Exhibit "A." *See* 28 U.S.C. section 1447 (b).

13. Venue in this Court is proper pursuant to 28 U.S.C. section 1441(a), as this action is being removed from the state court in which it was originally filed — the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida — to the District Court of the

CASE NO. 2020-006729-CA-01

United States for the district and division in which such action is pending, the Southern District of Florida.

WHEREFORE Defendant, ROSS DRESS FOR LESS, INC., respectfully requests that the above action now pending in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, be removed therefrom to this Honorable Court because the citizenship of the parties is diverse and the amount in controversy exceeds the sum of Seventy-Five Thousand Dollars ($75,000.00).

Dated:  May 28, 2020

Respectfully submitted,

*/s/ Jason A. Glusman*
Jason A. Glusman, Esquire (0419400)
JGlusman@wickersmith.com
William M. Bromley, Esquire (123502)
WBromley@wickersmith.com
WICKER SMITH O'HARA MCCOY & FORD, P.A.
Attorneys for Ross Dress for Less, Inc.
515 E. Las Olas Boulevard
SunTrust Center, Suite 1400
Ft. Lauderdale, FL 33301
Phone: (954) 847-4800
Fax: (954) 760-9353
ftlcrtpleadings@wickersmith.com

CASE NO. 2020-006729-CA-01

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing was served by electronic mail on May 27, 2020, on all counsel or parties of record on the Service List below.

*s/ Jason A. Glusman*

## SERVICE LIST

Ramon O. Crego, Esquire
Rubenstein Law, P.A.
9130 South Dadeland Boulevard, PH
Miami, FL 33156
Telephone:     (786) 230-2003
Facsimile:     (786) 300-4218
ramon@rubensteinlaw.com;
ksalazar@rubensteinlaw.com;
eservice@rubensteinlaw.com