Filing # 106613046 E-Filed 04/23/2020 12:10:42 PM

IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

**BARBARA GONZALEZ,**

Plaintiff,

v.

**ROSS DRESS FOR LESS, INC., d/b/a ROSS STORES, INC.,**

Defendant.

GENERAL JURISDICTION

CASE NO.: 2020-006729-CA-01

JX-#1449
4/28/20
10:35AM

_____/

## SUMMONS

THE STATE OF FLORIDA:
To Each Sheriff of Said State:

**YOU ARE HEREBY COMMANDED** to serve this Summons and a copy of the Complaint, Initial Interrogatories, and Request for Production in this action on Defendant:

**ROSS DRESS FOR LESS, INC. D/B/A ROSS STORES, INC.
C T CORPORATION SYSTEM
1200 SOUTH PINE ISLAND ROAD
PLANTATION, FL 33324**

Each Defendant is required to serve written defenses to the Complaint on Plaintiff's Attorney, to wit:

Ramon Crego, Esquire
RUBENSTEIN LAW, P.A
9130 S. Dadeland Blvd, PH
Miami, FL 33156
Tel: (305) 661-6000 / Fax: (305) 670-7555

within 20 days after service of this summons on that Defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court either before service on Plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

4/23/2020

DATED ON: this ____ day of _____, 2020.

Clerk of Said Court
BY: _____
As Deputy Clerk
(Court Seal)


EXHIBIT A

IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

**BARBARA GONZALEZ,**

    Plaintiff,

v.

**ROSS DRESS FOR LESS, INC., d/b/a ROSS STORES, INC.,**

    Defendant.

_____/

GENERAL JURISDICTION DIVISION

CASE NO.:

## **COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

The Plaintiff, **BARBARA GONZALEZ**, by and through the undersigned counsel, hereby sues the Defendant, **ROSS DRESS FOR LESS, INC., d/b/a ROSS STORES, INC.**, and alleges:

1. This is an action for damages which exceeds Thirty Thousand Dollars ($30,000.00) exclusive of interest and costs, and otherwise within this Court's jurisdictional limits.

2. At all times material hereto, the Plaintiff, **BARBARA GONZALEZ**, was and is a resident of Miami-Dade County, Florida, and is otherwise *sui juris*.

3. At all times material hereto, the Defendant, **ROSS DRESS FOR LESS, INC., d/b/a ROSS STORES, INC.**, was and is a Florida Corporation organized under the Laws of the State of Florida and doing business in Homestead, Miami-Dade County, Florida.

4. Venue is proper in this County in that the Defendant does business in Miami-Dade County, Florida, and/or all of the acts complained of herein occurred in Miami-Dade County, Florida.

5. That on or about June 1, 2019, the Plaintiff, **BARBARA GONZALEZ**, was a business invitee of the Defendant, **ROSS DRESS FOR LESS, INC., d/b/a ROSS STORES, INC.**'s premises located at 2525 Northeast 10th Court, Homestead, Florida 33033.

## COUNT I - NEGLIGENCE CLAIM AGAINST ROSS DRESS FOR LESS, INC., d/b/a ROSS STORES, INC.

6. Plaintiff re-alleges and restates the allegations in paragraphs 1 through 5 as if fully set forth herein.

7. That at all times material hereto, and specifically on June 1, 2019, Defendant, **ROSS DRESS FOR LESS, INC., d/b/a ROSS STORES, INC.**, owned, managed, controlled, operated, and/or maintained the premises located at 2525 Northeast 10th Court, Homestead, Florida 33033, in Miami-Dade County.

8. That on or about June 1, 2019, the Plaintiff, **BARBARA GONZALEZ**, was lawfully in Defendant, **ROSS DRESS FOR LESS, INC., d/b/a ROSS STORES, INC.'s** premises, when she sat on a chair and it collapsed underneath her.

9. That the Defendant owed to its business invitees a duty to provide a reasonably safe environment.

10. That the Defendant, its agents, servants or employees, breached its duty owed to the Plaintiff by negligently maintaining its premises in the following manner:

   a. By failing to maintain the floor of the premises in a reasonably safe condition, to wit, allowing such chair being occupied by the plaintiff to collapse, and to prevent dangerous conditions from occurring; and/or

   b. By failing to warn of the dangerous condition that existed at the time of the Plaintiff's incident; and/or

   c. Failing to place barricades, wet floor signs, or other marking devices utilized to alert customers such as the Plaintiff of the dangerous condition that existed at the time of Plaintiff's incident; and/or

   d. By failing to remove said chair from the floor of the premises; and/or

- 2 -

e. By failing to correct the hazardous condition of the premises when the Defendant knew or should have known that the general public visits said premises and specifically the Plaintiff herein; and/or

f. Was otherwise negligent in the care, maintenance, and upkeep of the premises, and specifically by allowing said chair be left on the floor of the premises so as to cause the Plaintiff's injury.

11. That the Defendant knew or in the exercise of reasonable care should have known of the existence of the hazardous and dangerous condition which constituted a dangerous condition to the Plaintiff, and the condition had existed for a sufficient length of time that the Defendant knew or should have known of the condition and could have easily remedied it; and/or

12. As a direct and proximate result of the aforementioned negligence of the Defendant, **ROSS DRESS FOR LESS, INC., d/b/a ROSS STORES, INC.**, the Plaintiff, **BARBARA GONZALEZ**, was injured when the chair she was occupying collapsed causing her to fall to the floor and sustained severe, grievous and permanent injuries, physical and mental pain and suffering, disability, physical impairment, disfigurement, mental anguish, inconvenience, loss of capacity for the enjoyment of life, loss of earnings and impairment of earning capacity and/or permanent aggravation of a pre-existing condition, and further incurred hospital bills, medical bills, and/or other bills as a result of said injuries; said injuries are either permanent or continuing in their nature and the Plaintiff, **BARBARA GONZALEZ** will suffer the losses into the future.

WHEREFORE, Plaintiff, **BARBARA GONZALEZ**, hereby demands judgment for damages, costs and interest from the Defendant, **ROSS DRESS FOR LESS, INC., d/b/a ROSS STORES, INC.**, together with whatever other relief the Court deems just and appropriate.

## DEMAND FOR JURY TRIAL

The Plaintiff, **BARBARA GONZALEZ**, hereby demands trial by jury of all issues so triable as a matter of right.

Dated: <u>March 20, 2020</u>

                                      **RUBENSTEIN LAW, P.A.**
                                      Attorneys for Plaintiff
                                      9130 S. Dadeland Blvd, PH
                                      Miami, FL 33156
                                      Tel: (305) 661-6000
                                      Fax: (305) 670-7555
                                      Email: ramon@rubensteinlaw.com
                                                      ksalazar@rubensteinlaw.com
                                                      eservice@rubensteinlaw.com

                                    By: <u>/s/ *Ramon Crego*</u>
                                        **Ramon Crego**
                                        Florida Bar No.: 91379

IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

**BARBARA GONZALEZ,**

.Plaintiff,

v.

**ROSS DRESS FOR LESS, INC., d/b/a ROSS STORES, INC.,**

GENERAL JURISDICTION DIVISION

Defendant.

CASE NO.:

_____/

## PLAINTIFF'S REQUEST FOR PRODUCTION TO DEFENDANT, ROSS DRESS FOR LESS, INC., d/b/a ROSS STORES, INC.

The Plaintiff, **BARBARA GONZALEZ**, by and through the undersigned attorneys, hereby requests the Defendant, **ROSS DRESS FOR LESS, INC., d/b/a ROSS STORES, INC.**, produce for inspection and/or photocopying within forty-five (45) days from the date of service of this request, pursuant to Fla.R.Civ.P., at RUBENSTEIN LAW, 9130 South Dadeland Boulevard, PH, Miami, Florida 33156, the following:

1. The employee safety manual or other written document of the Defendant in effect on June 1, 2019 that discusses, touches, or concerns procedures for maintaining furniture in a safe condition on the floor of its stores.

2. Any and all policies and/or procedures of the Defendant in effect on June 1, 2019 that discusses, touches, or concerns maintaining surveillance video footage after an incident involving a customer being injured has been reported in the Defendant's store.

3. Any photographs taken by or on behalf of the Defendant that relates to the parties and/or scene of the alleged occurrence on June 1, 2019.

4. Any and all statements obtained from any party in this matter concerning any of the issues in this lawsuit.

5. Any and all statements obtained from any person concerning any of the issues in this lawsuit.

6. Any and all insurance policies that do or may provide coverage for any of Plaintiff's

claims, injuries, or damages as described in the Complaint, including umbrella and excess policies.

7. Any and all surveillance or other video or recording depicting the interior and/or exterior of the **ROSS DRESS FOR LESS, INC., d/b/a ROSS STORES, INC.**, located 2525 Northeast 10th Court, Homestead, Florida 33033, Miami-Dade County, on June 1, 2019, including the two hour period before the alleged incident and the two hour period after the alleged incident. This request includes, but is not limited to, footage depicting the incident itself and any footage depicting the Plaintiff.

8. All records, writings or other written memoranda concerning any other incidents with customers being injured by broken furniture at the store where this incident occurred, within the last three (3) years.

9. All ordinances, regulations, rules, statutes, customs, practices and publications upon which your defenses herein, if any, are based.

10. A list of the names and addresses (including clock-in/time records) of all employees employed at **ROSS DRESS FOR LESS, INC., d/b/a ROSS STORES, INC.**, located at 2525 Northeast 10th Court, Homestead, Florida 33033, Miami-Dade County, on duty on the floor/area where Plaintiff fell on the day of the incident.

11. Any and all incident reports or accident reports pertaining to the subject incident.

12. A list of the names and addresses of all individuals and/or entities that were responsible for maintaining the area where Plaintiff fell on the day of the incident.

13. A copy of any report created as a result of Plaintiff's incident on June 1, 2019, that was signed and/or filled out by Plaintiff.

14. A copy of any witness statement, incident report, or other document created as a result of Plaintiff's incident on June 1, 2019.

15. A map (aerial view) of the Defendant's store located at 2525 Northeast 10th Court, Homestead, Florida 33033, identifying the layout of the store as it existed on the date of the incident.

16. A map of where surveillance cameras are placed within the store on the date of incident and what aisle or aisles the surveillance cameras depict/capture.

18. Any document, photograph, or video, identified in your answers to interrogatories.

19. The chair involved in the Plaintiff's incident.

I HEREBY CERTIFY that a true and correct copy of the foregoing was attached to the Complaint and Summons and served to the Defendant, **ROSS DRESS FOR LESS, INC., d/b/a ROSS STORES, INC.**

Dated: March 20, 2020

**RUBENSTEIN LAW, P.A.**
Attorneys for Plaintiff
9130 S. Dadeland Blvd, PH
Miami, FL 33156
Tel: (305) 661-6000
Fax: (305) 670-7555
Email: ramon@rubensteinlaw.com
ksalazar@rubensteinlaw.com
eservice@rubensteinlaw.com

By: /s/ *Ramon Crego*
**Ramon Crego**
Florida Bar No.: 91379

IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

**BARBARA GONZALEZ,**

    Plaintiff,

v.

**ROSS DRESS FOR LESS, INC., d/b/a ROSS STORES, INC.,**

    Defendant.

GENERAL JURISDICTION

CASE NO.:

_____/

### PLAINTIFF'S NOTICE OF SERVING INITIAL INTERROGATORIES TO DEFENDANT ROSS DRESS FOR LESS, INC., d/b/a ROSS STORES, INC.

The Plaintiff, **BARBARA GONZALEZ,** by and through the undersigned attorney, hereby gives notice of propounding Plaintiff's Initial Interrogatories upon the Defendant, **ROSS DRESS FOR LESS, INC., d/b/a ROSS STORES, INC.** to be answered within forty-five (45) days from the date of service pursuant to the Florida Rules of Civil Procedure.

I HEREBY CERTIFY that a true and correct copy of the foregoing was attached to the Complaint and Summons and served to the Defendant, **ROSS DRESS FOR LESS, INC., d/b/a ROSS STORES, INC..**

Dated: March 20, 2020

                                  **RUBENSTEIN LAW, P.A.**
                                  Attorneys for Plaintiff
                                  9130 S. Dadeland Blvd, PH
                                  Miami, FL 33156
                                  Tel: (305) 661-6000
                                  Fax: (305) 670-7555
                                  Email: ramon@rubensteinlaw.com
                                                  ksalazar@rubensteinlaw.com
                                                  eservice@rubensteinlaw.com

                                By: /s/ *Ramon Crego*
                                    **Ramon Crego**
                                    Florida Bar No.: 91379

## PLAINTIFF'S INITIAL INTERROGATORIES TO DEFENDANT, ROSS DRESS FOR LESS, INC., d/b/a ROSS STORES, INC.

*(If answering for another person or entity, answer with respect to that person or entity, unless otherwise stated.)*

1. State the full name, address and position with Defendant of the person answering these interrogatories.

2. State the full name, address and position with Defendant of the person(s) who was responsible for the inspection and/or maintenance, of the chairs in the area where Plaintiff fell on June 1, 2019.

3. State whether the Defendant, its agents, servants or employees received any complaints on June 1, 2019, about the condition of the chair involved in the incident in which the Plaintiff fell prior to Plaintiff's fall on June 1, 2019. Please provide the full name(s) and address(es) of the person(s) who made the complaint, the date and time of the complaint, and the nature of the complaint.

4. Please state whether there have been any other incidents involving chairs breaking under customers at the store where this incident occurred and in the same general area where this incident occurred during the three years prior to the subject incident? If so, please provide:

    (a) Number of incidents involving broken chairs?

    (b) Date of each incident involving broken chairs?

    (c) Name, address and telephone number of each person whose chair broke?

    (d) Whether or not the person reported any injuries?

5. With respect to each occurrence identified in the preceding question, please state the following:

    (a) Whether Fire Rescue reported to the scene?

    (b) Whether a claim was made against the Defendant?

    (c) Whether a lawsuit was filed, and if so, please provide the case number?

6. State the full name and address of each eyewitness to all or part of Plaintiff's incident on June 1, 2019.

7. State the full name, address, and phone number of all persons, including employees, who were at or near the scene of Plaintiff's accident within one (1) hour before the incident on June 1, 2019.

8. State the full name, address, and phone number of all persons, including employees, who arrived at the accident scene within one (1) hour after Plaintiff's incident on June 1, 2019.

9. State the full name, address, and phone number of each person(s) who investigated the facts and circumstances of Plaintiff's incident on June 1, 2019 for you or your insurance carrier.

10. State the full name, address, and phone number of all persons, including employees, who has given or provided a statement concerning Plaintiff's incident on June 1, 2019.

11. If a report was made by an agent, servant or employee of the Defendant in the ordinary course of business with respect to Plaintiff's incident on June 1, 2019, state full name and address of the person who made the report, the date it was made and in whose custody it is.

12. State the full name(s) and address(es) of each person(s) who is believed or known by you, your agents or attorneys to have any knowledge concerning any of the issues in this lawsuit, and specify the subject matter about which the witness has knowledge.

13. Describe the frequency and times of inspections of the incident area prior to the incident on June 1, 2019. State the full name, address, and job title of the person who made the last inspection of the area where the Plaintiff's incident occurred.

14. State the full name, address, and job title of each employee of the Defendant who responded to Plaintiff's fall on June 1, 2019.

15. State whether you have within your possession or control photographs of the incident scene as it existed at the time of the Plaintiff's incident on June 1, 2019 or any photographs of Plaintiff on June 1, 2019. If so, describe any and all such photographs, including the name, address, and job title of the person who took the photographs and the date the photographs were taken.

16. Give a concise statement of the facts as to how you contend the Plaintiff's incident took place on June 1, 2019.

17. If you contend that the Plaintiff acted in such manner as to cause or contribute to the incident on June 1, 2019, give a concise statement of the fact upon which you rely.

18. Do you contend that any other person, entity, or corporation acted in such a manner so as to cause or contribute to the Plaintiff's fall on June 1, 2019 as described in the Complaint? If so, please state the full name, address, telephone number of the other person, entity or corporation, and the basis for your contention.

19. Describe any and all policies of insurance which you contend cover you for the allegations set forth in Plaintiff's Complaint, detailing as to such policies the name of the insurance, the number of the policy, the effective dates of the policy, the available limits of liability, and the name and address of the custodian of the policy.

20. Did the Defendant have security cameras operating within the store located at 2525 Northeast 10th Court, Homestead, Florida 33033, on the date of the subject accident? Additionally, did the Defendant have security cameras operating in the area where Plaintiff's incident on June 1, 2019 took place? If so, did the security cameras capture this incident as it occurred?

21. If the answer to interrogatory #20 was yes, please provide the complete name and address of the individual who has the most knowledge concerning the operation, maintenance and preservation of the security cameras and security tapes.

22. If the answer to interrogatory #20 is yes, does Defendant have video recording footage from the day of the Plaintiff's fall on June 1, 2019, of the store and any video which depicts Plaintiff including the two-hour period before and after the fall? If so, please provide the name and address of the custodian of the tape. If a period before and after the fall is maintained, state how much time before and after the fall is recorded/maintained. If Defendant had in its possession this tape, but no longer has the tape, please provide the name and address of the individual with the most knowledge concerning what happened to the surveillance tape.

23. Is the Defendant properly named in the style of the case? If not, please provide the complete and proper name of the corporate defendant and the name and address of the registered agent to allow the Plaintiff to properly serve the corporate Defendant.

_____
AFFIANT

STATE OF FLORIDA )
COUNTY OF _____ )

BEFORE ME, the undersigned authority, personally appeared _____, who being duly sworn, deposes and says that the answers to Interrogatories attached hereto are true to the best of his/her knowledge, information and belief.

SWORN TO AND SUBSCRIBED before me on this ____ day of _____, 2020.

_____
NOTARY PUBLIC, STATE OF FLORIDA
AT LARGE

My Commission Expires:
Personally known:              _____
or Produced Identification:    _____
Type of Identification Produced: _____

Filing # 107090838 E-Filed 05/05/2020 04:06:44 PM

96126-7

IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

BARBARA GONZALEZ,                       CIRCUIT CIVIL DIVISION

    Plaintiff,                          CASE NO. 2020-006729-CA-01

vs.

ROSS DRESS FOR LESS, INC., d/b/a
ROSS STORES, INC.,

    Defendant.
_____/

## NOTICE OF APPEARANCE

PLEASE take notice that Jason A. Glusman, Esquire of the law firm of WICKER SMITH O'HARA MCCOY & FORD, P.A., enters an appearance in the above-styled case on behalf of Ross Dress For Less, Inc. d/b/a Ross Stores, Inc.

WE HEREBY CERTIFY that a copy hereof has been electronically served via Florida ePortal to: Ramon O. Crego, Esquire , ramon@rubensteinlaw.com; ksalazar@rubensteinlaw.com; eservice@rubensteinlaw.com; on this 5th day of May, 2020.

/s/ Jason A. Glusman
Jason A. Glusman, Esquire
Florida Bar No. 0419400
WICKER SMITH O'HARA MCCOY & FORD, P.A.
Attorneys for Ross Dress For Less, Inc. d/b/a
Ross Stores, Inc.
515 E. Las Olas Boulevard
SunTrust Center, Suite 1400
Ft. Lauderdale, FL 33301
Phone: (954) 847-4800
Fax: (954) 760-9353
ftlcrtpleadings@wickersmith.com